IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERRAE LYNN,<br>4248 Hildreth St SE,<br>Washington, DC 20019<br>　　　Plaintiff,<br><br>　　V.<br><br>JEREMIAH ABU-BAKR,<br>4301 Garden City Drive, Suite 103<br>Landover, MD 20785<br><br>DISTRICT OF COLUMBIA<br>DEPARTMENT OF PUBLIC WORKS,<br>2000 14th St. NW,<br>Washington, DC 20009<br><br>and, DISTRICT OF COLUMBIA<br>GOVERNMENT.<br>441 4th St. NW,<br>Washington, DC 20001<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)　Case Number:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT

COMES NOW, Plaintiff Gerrae Lynn (hereinafter "Plaintiff") and hereby submits her *Complaint* for damages against Defendants Jeremiah Abu-Bakr, District of Columbia Department of Public Works, and District of Columbia Government (hereinafter "Defendant Abu-Bakr, Defendant DPW and Defendant District of Columbia respectively and "Defendants" collectively.)

**PARTIES**

1. Plaintiff Gerrae Lynn is an adult female resident of the District of Columbia residing at 4248 Hildreth St. SE, Washington, DC 20019

2. Defendant Abu-Bakr is an adult male resident of the state of Maryland..

3. Defendant Department of Public Works is an entity registered to conduct business in the District of Columbia.

4. Defendant DPW is Plaintiff's employer for purposes of Title VII.

5. Defendant District of Columbia Government is a municipal corporation capable of being sued pursuant to D.C. Official Code Section 1-102.

6. Defendant DPW is an agency of Defendant District of Columbia.

## JURISDICTION AND VENUE

7. This is a suit to obtain relief for sexual harassment undr Title VII of the Civil Rights Act of 1964, as amended. The Plaintiff alleges the Defendants subjected her to unlawful harassment because of her gender, feale. She seeks relief under 42 U.S.C. Section 1983 for violations of her civil rights by Defendant Abu-Bakr.

8. This action is being brought pursuant to U.S.C. §1331, 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 and includes any and all federal law claims plead herein for which jurisdiction and venue is attached.

9. Venue is proper in this district, pursuant to 28 U.S.C. §1391 because all Defendants are located within the district and a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

10. Pursuant to 28 U.S.C. §1367, this court may also invoke supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## ADMINISTRATIVE REMEDIES

11. Plaitniff filed with the United States Equal Employment Opportunity Commision ("EEOC") a Charge of Discrimination (Charge No. 570-2019-02793) against Defendants.

12. The EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter") dated August 2, 2019.

13. Plaintiff filed this action within 90 days of receipt of the Right to Sue Letter.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTS

15. Plaintiff is employed by Defendant DPW as a Motor Vehicle Operator.

16. During her employment with Defendant DPW, began experience sexual harassment at the hands of her immediate supervisor Defendant Abu-Bakr.

17. The harassment took place beginning October 2019 and has since continued.

18. Defendant Abu-Bakr's conduct toward Plaintiff included, but was not limited to, unwanted sexual comments.

19. Defendant Abu-Bakr's conduct toward Plaintiff included, but was not limited to, trying to coerce Plaintiff into going to Las Vegas with only him.

20. Defendant Abu-Bakr's conduct toward Plaintiff included, but was not limited to, repeated and continuous contempts to engage Plaintiff into an affair despite Defendant Abu-Bakr being married.

21. Defendant Abu-Bakr's conduct toward Plaintiff included, but was not limited to, repeated and continuous attempts to take Plaintiff on dates.

22. Defendant Abu-Bakr's conduct toward Plaintiff included, but was not limited to,

repeatedly and continuously using his position as Plaintiff's supervisor to illicit gifts from Plaintiff.

23. Defendant Abu-Bakr's conduct toward Plaintiff included, but was not limited to, using his position as Plaintiff's supervisor to give Plaintiff unsolicited favor at work.

24. Defendant Abu-Bakr's conduct toward Plaintiff included, but was not limited to, repeated and continuous attempts to spend time with Plaintiff after work hours alone.

25. Defendant Abu-Bakr's conduct toward Plaintiff included, but was not limited to, continuous and repeated reminders that he is a private person and wanted to keep his interaction with Plaintiff discreet.

26. Defendant Abu-Bakr's conduct toward Plaintiff included, but was not limited to, sexually harassing Plaintiff even after Plaintiff informed Defendant Abu-Bakr that his actions made her uncomfortable.

27. Defendant Abu-Bakr's conduct toward Plaintiff included, but was not limited to, repeatedly telling Plaintiff have attractive she is and how he enjoys talking to her.

28. Defendant Abu-Bakr's conduct toward Plaintiff included, but was not limited to, offering to buy Plaintiff unsolicited gifts.

29. Plaintiff denied all of Defendant Abu-Bakr'S advances towards her.

30. Plaintiff repeatedly objected to Defendant Abu-Bakr's doncut

31. Plaintiff continuously reminded Defendant Abu-Bakr that he was married and that she does not engage in relationships with men she knows to be married.

32. Plaintiff continuously stated to Defendant Abu-Bakr that she comes to work specifically to make money and provide for her family. Not to be lusted after and engage in

inappropriate relationships or conversations with her supervisors and co-workers.

33. Plaintiff continuously told Defendant Abu-Bakr that his harassing conduct made her uncomfortable.

34. Defendant Abu-Bakr's conduct offended Plaintiff and made her feel as if he viewed women, including her, as pieces of meat.

35. Defendant Abu-Bakr's made it difficult for Plaintiff to do her job because she was trying to avoid Defendant Abu-Bakr and his offensive conduct.

36. Plaintiff complained to Gail Heath who had previously been investigating sexual harassment claims within Defendant DPW.

37. Ms. Heath directed Plaintiff to speak with Defendant DPW's sexual harassment officers.

38. The officers requested to place Plaintiff in the trash yard during the investigation. However, Plaintiff gave good cause as to why she felt uncomfortable with being placed at the trash yard. The offices informed Plaintiff they would call her back at the end of the day with another option. However, the officers never contacted Plaintiff again.

39. The following morning when Plaintiff returned to work, Defendant Abu-Bakr asked her to come into his office.

40. Hesitantly, Plaintiff complied.

41. Defendant Abu-Bakr begged Plaintiff to retract her statement because he had been informed by someone of Plaintiff's report.

42. Plaintiff immediately left Defendant's Abu-Bakr's office and went to the Equal Employment Opportunity Commission.

43. Plaintiff's trust that Defendant DPW would appropriately and confidentially handle the

matter had been betrayed and she feared imminent retalation from her intial complaint to the sexual harassment officers.

44. The EEOC counselor explained that Plaintiff must allow the agency to conduct an investigation before anything could be done.

45. During the investigation, Defendant Abu-Bakr had been suspended until after the investigation.

46. Defendant Abu-Bakr ultimately resigned.

## COUNT I

## TITLE VII

## SEXUAL HARASSMENT

47. Plaintiff adopts the above facts in support of this Count.

48. This is a claim against Defendants Abu-Bakr and DPW arising under Title VII of the Civil Rights Act of 1964, as amended.

49. The conduct of the Defendants alleged herein violats Title VII because PLaintiff has been required to work in a hostile environment which was tainted by impermmissable and repated sexual harassment and intimidation over a period of time.

50. Plaintiff is a member of a protected group and did not welcome the sexual misconduct and hostile work environment created by Defendants.

51. Defendant Abu-Bakr subjected the Plaintiff to repeated sexual harassment and intimidation causing the Plaintifff's work environment to be permeated with discriminatory conduct, ridicule, and insult that alterd her work conditions.

52. Plaintiff objected to Defendant Abu-Bakr's conduct but he continued.

53. Plaintiff objected to Defendant DPW about Defendant Abu-Bakr's conduct.

54. Plaintiff objected to Defendant District of Columbia Government about Defendant Abu-Bakr's conduct.

55. Such unlawful employment practices proximately caused Plaintiff to suffer emotional injuries for which she claims damages.

56. The Defendants subjected Plaintiff to offensive and unwanted conduct based on her gender which was severe or pervasive enough to alter her working conditions.

57. Defendants DPW, District of Columbia Government and Abu-Bakr are liable for the sexually harassing conduct to which they subjected Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests the entry of judgment under Title VII, as amended, against Defendants Abu-Bakr, DPW, and District of Columbia Government pursuant to an Order awarding:

a. compensatory and nominal damages to be determined by the trier of fact;

b. punitive damages to be determined by the trier of fact;

c. declaratory and injunctive relief;

d. that relief which is just, fair, and equitable under the circumstances of this case;

e. reasonable attorneys fees; and

f. the costs of this suit.

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

Respectfully submitted,

Dated: October 31, 2019

/s/ Charles Tucker, Jr.
Charles Tucker, Jr.
8181 Professional Pl., Suite 207
Hyattsville, MD 20785
301-577-1175

Charles@tuckerlawgroupllp.com